```
SEYFARTH SHAW LLP
Justin T. Curley (SBN 233287)
jcurley@seyfarth.com
Parnian Vafaeenia (SBN 316736)
pvafaeenia@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549
```

Attorneys for Defendant
LENOVO (UNITED STATES), INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARK FEW,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LENOVO (UNITED STATES), INC., a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | Case No. 4:20-cv-03115-KAW<br><br>**STIPULATION REGARDING EXTENDING DISCOVERY DEADLINES; ORDER (AS MODIFIED)**<br><br>**[FED. R. CIV. P. 29(B)]** |

　　　Pursuant to Federal Rules of Civil Procedure, Rule 29(b), Plaintiff Mark Few ("Plaintiff") and Defendant Lenovo (United States), Inc. ("Lenovo" or "Defendant") (hereinafter "the Parties"), by and through their respective counsel of record, hereby stipulate and agree as follows:

　　　1.　　On October 26, 2021, Lenovo informed Plaintiff that it would be issuing subpoenas to the entities that Plaintiff submitted applications to in connection with his job search efforts.  Plaintiff responded by requesting that Defendant withhold service of subpoenas on five of the six entities at issue (the "Active Application Subpoenas") until after Plaintiff has completed the application/interview process so as not to interfere with Plaintiff's employment prospects.

　　　2.　　The Parties have therefore agreed that, with respect to the Active Application Subpoenas only, the fact discovery cutoff should be extended to the earlier of December 1, 2021 or 21 days after the

date on which Plaintiff informs Lenovo that he has completed the application/interview process with all of the entities at issue.

3. In meeting and conferring regarding the Active Application Subpoenas, the Parties further agreed that, in the interest of judicial efficiency, the expert discovery deadlines in this case should be extended so that they follow the hearing on Lenovo's pending Motion for Summary Judgment.

4. Therefore, the Parties stipulate and agree to the following discovery deadlines:

- The Fact Discovery cutoff with respect to the Active Application Subpoenas is continued to the earlier of December 1, 2021 or 21 days after the date on which Plaintiff informs Lenovo that he has completed the application/interview process with all of the entities at issue;
- The Expert Disclosure Deadline is continued to December 6, 2021;
- The Expert Rebuttal Deadline is continued to December 20, 2021; and
- The Expert Discovery Cutoff is continued to January 21, 2022.

5. The Parties stipulate and agree that all other deadlines shall remain the same.

DATED: November 2, 2021                         SEYFARTH SHAW LLP


By: /s/ Parnian Vafaeenia
Justin Curley
Parnian Vafaeenia

Attorneys for Defendant
LENOVO (UNITED STATES), INC.

DATED: November 2, 2021                         AK EMPLOYMENT LAW OFFICE


By: /s/ Ayse Kent
Ayse Kent

Attorneys for Plaintiff
MARK FEW

**Attestation Pursuant to Civil Local Rule 5-1(i)**

Pursuant to Civil Local Rule 5-1(i), I, Parnian Vafaeenia, hereby attest that concurrence in the filing of this Stipulation has been obtained from above signatory, Ayse Kent.

/s/ Parnian Vafaeenia
　　　Parnian Vafaeenia

**ORDER**

Pursuant to the stipulation by and between Plaintiff Mark Few ("Plaintiff") and Defendant Lenovo (United States), Inc. ("Lenovo" or "Defendant"), the discovery deadlines are extended as follows:

- The Fact Discovery cutoff with respect to the Active Application Subpoenas is continued to the earlier of December 1, 2021 or 21 days after the date on which Plaintiff informs Lenovo that he has completed the application/interview process with all of the entities at issue;
- The Expert Disclosure Deadline is continued to December 6, 2021;
- The Expert Rebuttal Deadline is continued to December 20, 2021; and
- The Expert Discovery Cutoff is continued to January **14**, 2022.

IT IS SO ORDERED.

Dated:  November 9, 2021

_____
Judge Kandis A. Westmore